Sean K. Claggett
Nevada Bar No. 8407
Joseph N. Mott
Nevada Bar No. 12455
4101 Meadows Lane, Ste. 100
Las Vegas, Nevada 89107
(702) 655-2346 – Telephone
(702) 655-3763 – Facsimile
sclaggett@claggettlaw.com
joey@claggettlaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KELLY WOODBURN and THOMAS WOODBURN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF HENDERSON; DOES I through V, inclusive; and ROE CORPORATIONS I through V, inclusive,<br><br>Defendants. | Case No.: 2:19-CV-01488-JAD-VCF<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMEND COMPLAINT** |

Plaintiffs KELLY WOODBURN and THOMAS WOODBURN ("Plaintiffs" or "the Woodburns"), by and through their attorneys of record, CLAGGETT & SYKES LAW FIRM, hereby file their Motion For Leave to File a Second Amend Complaint pursuant to FRCP 15(a)(2). The Woodburns file this Motion on behalf of themselves and other current and former CITY OF HENDERSON ("Defendant" or "City of Henderson") Corrections Officers who were made to work off-the-clock without overtime pay in violation of the FLSA.

///

- 1 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs Kelly Woodburn and Thomas Woodburn ("Plaintiffs" or "the Woodburns"), individually and on behalf of all others similarly situated, filed their First Amended Complaint on August 19, 2019. *See* Amended Complaint attached hereto as Exhibit 1. In it, Plaintiffs bring a claim against Defendant City of Henderson ("Defendant" or "City of Henderson") for unpaid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

Plaintiffs' lawsuit arises out of their employment as Corrections Officers at the Henderson Detention Center. During the course of their employment, Plaintiffs, and all other similarly situated Corrections Officers, were made to perform unpaid off-the-clock pre- and post-shift work.

Plaintiffs, on behalf of themselves and other similarly situated Corrections Officers, now seek leave to file the attached proposed Second Amended Complaint to include a currently employed Corrections Officer, Joshua Rodriguez, as a Plaintiff in this matter.

This Motion is made and based on the proceeding Memorandum of Points and Authorities, the papers and pleadings on file herein, the exhibits attached hereto, and the arguments of counsel, if any, at the time of hearing this matter.

## LEGAL ARGUMENT

Plainitffs wish to amend their complaint to add Joshua Rodriguez, a current City of Henderson Corrections Officer, as an additional lead plaintiff to

- 2 -

this collective action. Plaintiffs' proposed Second Amended Complaint is attached hereto as Exhibit 2.

Amending the complaint to add Officer Rodriguez as a Plaintiff in this matter and to add factual allegations related to Officer Rodriguez will further support Plaintiffs' claims that they are similarly situated with members of the putative collective. Although Plaintiffs would have preferred to seek leave to amend to add a current Corrections Officer sooner, City of Henderson has refused to respond to any discovery related to current employees, asserting that they do not have to respond based on the City's position that current Corrections Officers are ineligible to participate in the instant lawsuit due to an arbitration provision in their Collective Bargaining Agreement.[1] Despite the City's attempts to obstruct the discovery and litigation processes, several current Corrections Officers have now consented to join this action, including Officer Rodriguez. *See* Doc. Nos. 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39.

## I. LEGAL STANDARD FOR LEAVE TO AMEND

Courts should liberally grant plaintiffs leave to amend their complaint. *See Sonoma County Ass'n of Retired Emples. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing FRCP 15(a)). Courts in the Ninth Circuit consider five factors to determine whether to grant leave to amend: (1) bad faith; (2) undue delay: (3) prejudice to the opposing party; (4) futility of amendment; and

---

[1] This issue was initially addressed in the parties' briefing on Defendant's Motions to Dismiss (Doc. No. 8) and Strike (Doc. No. 9). In its order denying Defendant's motions, the Court indicated that ruling on the arbitration issue at that point would be premature and that Defendant's arbitration arguments were better raised in Opposition to a Motion for Collective Action. *See* Doc. No. 21 at FN 47.

- 3 -

(5) whether plaintiff has previously amended. *See Johnson v. Buckley,* 356 F.3d 1067, 1077 (9th Cir. 2004). The bad faith and prejudice factors should be the focus of the Court's analysis with the prejudice factor carrying the greatest weight. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 15(a)'s liberal amendment policy…focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("[T]he consideration of prejudice to the opposing party carries the greatest weight.").

### A. Platintiffs Should Be Granted Leave to File Their Proposed Second Amended Complaint

Each of the five factors weight in favor of Plainitffs. The balance of the Motion will address each factor.

### 1. Bad Faith

"The Ninth Circuit has suggested that a proposed amended complaint may be offered in bad faith where it seeks to add 'new but baseless legal theories.'" *Cull v. Nev. Prop. 1 LLC*, 2013 U.S. Dist. LEXIS 165151, *5, 2013 WL 6174493 (quoting *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). However, a plaintiff seeking to amend to expeditiously add new factual allegations does not act in bad faith. *See Cull*, 2013 U.S. Dist. LEXIS 165151, *5 (citing Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

- 4 -

Here, Plaintiffs' request for leave to amend is made in good faith. When Plaintiffs were aware that current Corrections Officers were similarly situated with regard to unpaid overtime and mandatory off-the-clock performance of integral and indispensable job duties when they filed their initial complaint. However, only recently were they able to ascertain the identities of other similarly situated Corrections Officers and obtain their consent to join this action. This delay was no fault of Plaintiffs, but was a direct result of City of Henderson's refusal to respond to discovery requests regarding current Corrections Officers. The proposed Second Amended Complaint contains factual allegations related to Officer Rodriguez that Plainitffs recently learned and that further support Plaintiffs and the putative collective's claims. Accordingly, the Court should not find that Plaintiffs' request is in bad faith.

### 2. Undue Delay

Plainitffs learned Officer Rodriguez's identity and the facts related to his employment with City of Henderson on or about March 26, 2021. The instant request for leave to amend comes less than 30 days later. This is unquestionably a reasonable period of time for Plaintiffs to seek leave to amend their Complaint. Accordingly, the Court should find that no undue delay exists.

### 3. Prejudice to the Opposing Party

Defendant City of Henderson will not be prejuidiced in any way if Plaintiffs are granted leave to file their proposed Second Amended Complaint. The addition of Officer Rodriguez as a Plaintiff and the addition of facts specific to Officer Rodriguez's employment with City of Henderson are related to the

- 5 -

claims already asserted by Plaintiffs in the current operative complaint in the form of collective allegations. Accordingly, City of Henderson has actually been on notice of the allegations in the proposed Second Amended Complaint since the filing of Plaintiffs' initial Complaint. The proposed amended complaint will not require City of Henderson to relitigate any issues or engage in any discovery it would otherwise not have had to engage in. Based on the foregoing, the Court should find no prejudice to City of Henderson from Plaintiffs' proposed Second Amended Complaint.

### 4. Futility

Plaintiffs seek leave to amend to add an additional Plaintiff and specific facts related to the new Plaintiff and not to cure any deficiencies in their earlier filed Complaint. Accordingly, this factor is moot.

### 5. Previously Amended Complaint

Plaintiffs filed their initial Complaint on July 3, 2019. Plaintiffs filed their First Amended Complaint on August 19, 2019. The First Amended Complaint was filed prior to any appearance by City of Henderson and for the purpose of removing claims for relief related to violations of Nevada law. The purpose of the proposed Second Amended Complaint is to provide additional specificity to the existing allegations based on newly discovery facts and information and to add an additional named representative Plaintiff. The fact that Plaintiffs previously amended the complaint for a completely unrelated reason has no bearing on whether Plaintiffs should be granted leave to amend now.

## CONCLUSION

Each of the five factors weigh in favor of Plaintiffs being granted leave to amend. Based on the preceding, the Woodburns respectfully request the Court grant Plaintiffs' leave to file their proposed Second Amended Complaint.

DATED this 23rd day of April, 2021.

CLAGGETT & SYKES LAW FIRM

/s/ Joseph N. Mott

Joseph N. Mott
Nevada Bar No. 12455
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b), I hereby certify that I am an employee of CLAGGETT & SYKES LAW FIRM, and that on the 23rd day of April, 2021, I caused to be served a copy of Plaintiffs' Motion for Leave to File Second Amended Complaint on the following parties:

**Via CM/ECF:**

**LITTLER MENDELSON**
Montgomery Y. Paek
Nevada Bar No. 10176
Ethan Thomas
Nevada Bar No. 12874
Email: edthomas@littler.com
3960 Howard Hughes Parkway, Suite 300
Las Vegas, Nevada 89169
Tel: (702) 862-8800

*Attorneys for Defendant City of Henderson*

/s/ Krystina June

An Employee of CLAGGETT & SYKES LAW FIRM

- 7 -