# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

KELLY WOODBURN, *et al*.,

    Plaintiffs,

vs.

CITY OF HENDERSON,

    Defendant.

2:19-cv-01488-JAD-VCF

**ORDER**

PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 40]

Before the Court is plaintiffs' motion for leave to amend the complaint (ECF No. 40). The Court grants the motion to amend. Plaintiffs have seven days to file their amended complaint.

## I.    Background

The scheduling order, which the parties stipulated to, sets the deadline to amend pleadings or add parties on July 19, 2021. (ECF No. 28 at 6). Discovery in this case closes on October 15, 20201. (*Id.*) Plaintiffs bring claims against the City of Henderson for unpaid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. Section 207: plaintiffs seek leave to file a second amended complaint as they wish to include a currently employed Corrections Officer, Joshua Rodriguez, as an additional plaintiff (he brings the same claims as the current plaintiffs). (ECF No. 40 at 2). The defendant argues in its response that plaintiffs' motion for leave to amend should be denied because it is futile and untimely since plaintiffs filed this case in 2019. (ECF No. 48). The plaintiffs argue in their reply that their amended complaint is not futile because it merely adds an additional plaintiff without making any other changes and it is not untimely as defendants had notice that plaintiffs intended to amend and add

Rodriguez as a plaintiff. (ECF No. 53).

**II.    Discussion**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has found that the policy of Rule 15, "is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1049 (9th Cir. 2003); see also *Bowles v. Reade*, 198 F.3d 752, 755 (9th Cir. 1999) (Finding that there is a strong public policy in favor of permitting amendment). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Courts are empowered to deny leave to amend based on the futility of the amendment. See e.g., *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). "Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

The parties stipulated to the July 19, 2021 deadline to amend in the complaint, which included adding parties. The plaintiffs filed their motion to add a party long before the deadline per the parties' stipulation (and this Court's order). The Court finds that the plaintiffs were diligent and have timely sought leave to amend in good faith. The Court finds that the defendant will not be prejudiced because it

can move to dismiss the amended complaint and defendant has plenty of time to take any additional needed discovery pertaining to the new plaintiff. The Court finds that the defendant's futility arguments are better addressed through a motion to dismiss given the extreme liberality of amendment promoted by Rule 15. Court finds that the plaintiff has met the requirements for amendment pursuant to Rule 15.

Accordingly,

IT IS ORDERED that plaintiffs' motion for leave to amend its complaint (ECF No. 40) is GRANTED.

IT IS FURTHER ORDERED that plaintiffs have until Monday, June 28, 2021 to file their amended complaint.

IT IS SO ORDERED.

DATED this 21st day of June 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE