MONTGOMERY Y. PAEK, ESQ., Bar # 10176
ETHAN D. THOMAS, ESQ., Bar # 12874
EMIL S. KIM, ESQ., Bar # 14894
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
Telephone:    702.862.8800
Fax No.:        702.862.8811
Email: mpaek@littler.com
Email: edthomas@littler.com
Email: ekim@littler.com

*Attorneys for Defendant*
CITY OF HENDERSON

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KELLY WOODBURN, THOMAS WOODBURN, and JOSHUA RODRIGUEZ individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF HENDERSON; DOES I through V, inclusive; and ROE CORPORATIONS I through V, inclusive,<br><br>Defendants. | Case No. 2:19-cv-01488-JAD-VCF<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiffs KELLY WOODBURN, THOMAS WOODBURN, and JOSHUA RODRIGUEZ (collectively "Plaintiffs"), and Defendant CITY OF HENDERSON ("Defendant"), (collectively the "Parties"), by and through their respective counsel of record, hereby stipulate that in order to protect the confidentiality of information produced by the parties in connection with this case, the Parties agree as follows:

1.     Any party may designate as "confidential" (by stamping the relevant page or labeling the item or as otherwise set forth herein) any item, piece of information, document or response to

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

discovery, which that party considers in good faith to contain information involving personal and confidential information of third-parties or non-parties, trade secrets, sensitive and/or confidential medical, sensitive and confidential information related to Corrections Officer safety, business or financial information of the Parties, or addresses and other contact information of Corrections Officers that is subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

2. A Party may designate documents, items, or information disclosed during a deposition, in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a Party may designate in writing, within fourteen (14) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other Party may object to such proposal, in writing or on the record. Upon such objection, the Parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all Parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the "CONFIDENTIAL" designation.

3. All Confidential Information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the Party to whom the information is produced solely for the purpose of this case.

4. Except with the prior written consent of other Parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information marked "CONFIDENTIAL" shall not be disclosed to any person other than:

(a) the Parties and counsel for the respective Parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

2.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

      (c)    any officer or employee of a Party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

      (d)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Stipulated Protective Order as Exhibit A (which shall be retained by counsel to the Party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

      (e)    any authors or recipients of the Confidential Information;

      (f)    the Court, Court personnel, and court reporters; and

      (g)    witnesses (other than persons described in paragraph 4(e)).  A witness shall sign the Exhibit A Certification before being shown a confidential document.  Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the Party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above.  Witnesses shown Confidential Information shall not be allowed to retain copies.

5.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6.    No Party shall file or submit for filing as part of the court record any document under seal without first obtaining leave of court.  A Party seeking to file a document with any court with Confidential Information under seal must file a motion to seal that complies with the requirements of Nevada state and federal law including LR IA 10-5 and the directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

7.    A Party may designate as "confidential" documents or discovery materials produced by a non-party by providing written notice to all Parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.  Any Party

may voluntarily disclose to others without restriction any information designated by that Party as confidential, although a document may lose its confidential status if it is made public.

8. If a Party contends that any material is not entitled to "confidential" treatment, such Party may at any time give written notice of each designation it is challenging and describing the basis for each challenge to the Party who designated the material. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring telephonically or in-person within 14 days of the date of service of notice. In conferring, the Parties shall discuss the Party's basis for challenging the confidentiality designation, and the other Party's response to the same. If the Parties cannot resolve a challenge without court intervention, the Party who designated the material shall have twenty-one (21) days from the meet and confer to apply to the Court for an order designating the material as confidential. The Party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents or items shall be treated as "CONFIDENTIAL" and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the Party that claims that the material is Confidential Information withdraws such designation in writing; or

(b) the Party that claims that the material is Confidential Information fails to apply to the Court for an order designating the material "confidential" within the time period specified above after the meet and confer process; or

(c) the Court rules the material is not "confidential."

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a Party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents or items no later than thirty (30) days after conclusion of this action to counsel for the Party who provided such information, or (b) destroy such documents within the time

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

1  period upon consent of the Party who provided the information and certify in writing within thirty (30)
2  days that the documents have been destroyed.

3  11.  The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of
4  documents at trial.

5  12.  Nothing herein shall be deemed to waive any applicable privilege or work product
6  protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of material
7  protected by privilege or work product protection.

8  13.  If a receiving party learns that, by inadvertence or otherwise, it has disclosed
9  confidential material to any person or in any circumstance not authorized under this Stipulated
10 Protective Order, the receiving party must immediately (a) notify in writing the Designating Party of
11 the disclosures, (b) use its best efforts to retrieve all unauthorized copies of the confidential material,
12 (c) inform the person or persons to whom disclosures were made of all the terms of this Order, and (d)
13 request such person or persons to execute the Certification that is attached hereto as Exhibit A.

14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

14. This protective order will remain in full force and effect at all times during which any Party to this protective order or any person having executed the attached Exhibit A retains possession, custody, or control any confidential material.

Dated:  December 27, 2021

CLAGGETT & SYKES LAW FIRM

By: /s/ Joseph N. Mott
     JOSEPH N. MOTT, ESQ.

Attorneys for Plaintiffs
KELLY WOODBURN, THOMAS WOODBURN, AND JOSHUA RODRIGUEZ

Dated:  December 27, 2021

LITTLER MENDELSON, P.C.

By: /s/ Ethan D. Thomas
     MONTGOMERY Y. PAEK, ESQ.
     ETHAN D. THOMAS, ESQ.
     EMIL S. KIM, ESQ.

Attorneys for Defendant
CITY OF HENDERSON

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  12-27-2021

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

6.

# EXHIBIT A
# CERTIFICATION

_____ declares that:

I reside at _____ in the city of _____, county _____, state of _____. I am currently employed by _____ located at _____ and my current job title is _____. I have read and believe I understand the terms of the Stipulated Protective Order dated _____ ("Protective Order"), filed in Case No. 2:19-cv-01488-JAD-VCF, pending in the United States District Court for the District of Nevada. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court. I shall not divulge any documents electronically stored information or copies of documents or electronically stored information, designated "CONFIDENTIAL" obtained pursuant to such Protective Order, or the content of such documents or electronically stored information, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents or electronically stored information except for the purposes of this action and pursuant to the terms of the Protective Order. As soon as practicable, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, or destroy, any documents or electronically stored information in my possession designated as "CONFIDENTIAL", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents or electronically stored information. I hereby consent to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Dated: _____

_____(signed)

_____ (print name)

4857-7090-4327.1 / 080828-1020

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800