# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Kelly Woodburn, et al., <br><br> Plaintiff(s), <br> vs. <br><br> City of Henderson., et al., <br><br> Defendant(s). | Case No. 2:19-cv-01488-CDS-VCF <br><br> **Report and Recommendation to Allow Counsel at Claggett & Sykes to Withdraw (ECF No. 180)** <br><br> And <br><br> **Order Admonishing Counsel at Claggett & Sykes and Denying Motions for Sanctions (ECF No. 178 and 179)** |

This is a Fair Labor Standards Act collective action brought by former and current corrections officers against the City of Henderson. ECF No. 57. Defendants filed motions for sanctions related to my previous discovery order. ECF Nos. 178 and 179. Plaintiffs' counsel now seeks to withdraw from this collective action because their sole employment law attorney, Joseph Mott, left the firm. ECF No. 180. Plaintiffs' counsel has attempted to find new employment law attorneys for the plaintiffs, to no avail. *Id.* Although I have concerns that the plaintiffs will be prejudiced (since they cannot proceed pro se in a collective action), I reluctantly recommend that counsel at the Claggett & Sykes Law Firm be allowed to withdraw, because counsel contends that the firm is incompetent without attorney Mott. *Id.* I deny defendants' motions for sanctions related to my prior order because plaintiffs' counsel have convinced me that they attempted to comply with my order. I sua sponte, however, admonish the appearing attorneys from the Claggett & Sykes firm. The appearing attorneys initiated this case four years ago. Counsel had over four years to become familiar with employment law while working with Mott. Counsel now admits that they shirked their responsibility to obtain the skills required to handle this case, as this case rested on the shoulders of a single attorney.

**I.     Discussion**

I held a hearing on these motions and took the matters under submission. ECF No. 190. I ordered the parties to submit supplemental briefing on the motion to withdraw regarding the fact that this is a collective action. *Id.*

    **a.  Legal Standard**

"[A]n attorney cannot withdraw from a case without consent of the court." *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941). Local Rule (LR) IA [11-6](b) of the Local Rules of Practice for the United States District Court for the District of Nevada provides that no attorney may withdraw after appearing in a case except by leave of court after notice served on the affected client and opposing counsel. Subsection (e) of the Rule further provides that except for good cause shown, no withdrawal or substitution shall be approved if delay of discovery, the trial or any hearing in the case would result. LR IA 11-6(e). Ninth Circuit law suggests a 'justifiable cause' standard applies when the client doesn't affirmatively consent to the withdrawal request. See *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941) ("An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court.")). The Nevada Rules of Professional Conduct state that, "[a] lawyer shall provide competent representation to a client." NRCP 1.1. "Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." *Id.*

"The FLSA establishes federal minimum-wage, maximum hour, and overtime guarantees that cannot be modified by contract." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). "Section 16(b) of the FLSA, 52 Stat. 1060, as amended, 29 U.S.C. § 216(b), gives employees the right to bring a private cause of action on their own behalf and on behalf of 'other employees similarly situated' for specified violations of the FLSA." *Id.* "A suit brought on behalf of other employees is known as a

'collective action.'" *Id.* (citing *Hoffmann La Roche Inc. v. Sperling*, 493 U.S. 165, 169-170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)).

"A 'collective action' differs from a class action." *McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007) (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7B Fed. Prac. & Proc. § 1807 (3d ed. 2005)). "In a class action, once the district court certifies a class under Rule 23, all class members are bound by the judgment unless they opt out of the suit. By contrast, in a collective action each plaintiff must opt into the suit by 'giv[ing] his consent in writing.'" *Id.* (quoting 29 U.S.C. § 216(b)).

### b. Recommending that Counsel at Claggett & Sykes be Allowed to Withdraw

Counsel argues that good cause exists to end the attorney-client relationship under the Nevada Rules of Professional Conduct, because counsel is not competent in employment law without attorney Mott. Counsel declares that the firm has notified the clients about their intent to withdraw and that none of their clients have objected. Counsel argues that plaintiffs will not be prejudiced because if they cannot find alternate counsel, then the Court may then de-certify the collective action and permit the named plaintiffs to pursue their individual claims in this case. See *Coyne v. Las Vegas Metro. Police Dep't*, 2023 U.S. Dist. LEXIS 143215, at *3 (D. Nev. Aug. 15, 2023) (explaining that "[i]f the motion for decertification is granted, the opt-in plaintiffs are 'dismissed without prejudice to the merits of their individual claims, and the original plaintiff[s] [are] left to proceed alone'") (quoting *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018)).

While I think it is likely that this 2019 case will be delayed because of the apparent inevitability that this collective action will be decertified, I reluctantly recommend that counsel be allowed to withdraw from this case. Counsel admits that the firm is not competent to handle this case. Counsel also admits that all the attorneys who made appearances in this case have made no effort to become

3

competent in employment law over the last four years. This admission by counsel is a poor reflection on our shared profession. The alternative, however, ordering incompetent counsel to continue representation, is also a poor outcome. I find that there is justifiable and good cause to allow counsel to withdraw because counsel admits that appearing counsel from the law firm lacks the legal knowledge, skill, thoroughness, and preparation reasonably necessary for continued representation pursuant to NRCP 1.1. I admonish counsel because they voluntarily made appearances in this case years ago. There is no lack of educational opportunities for attorneys to learn about new areas of law. Counsel worked side by side with attorney Mott and could have learned from him over the past four years, while supplementing their knowledge through continuing education, but they admit they made little, if any, effort to do so.

### c. Denying Motions for Sanctions

The defendants also seek Rule 37 sanctions against the plaintiffs for not fully complying with my discovery order (ECF No. 174) because plaintiffs did not supplement discovery by May 23, 2023. ECF Nos. 178 and 179. Rule 37 provides that, "[i]f a party…fails to obey an order to provide or permit discovery…the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Plaintiffs' counsel argues that they worked diligently to obtain information, documents, and materials from the plaintiffs to comply with my order and have sent multiple supplements to the defendants. ECF No. 181. Given that discovery in this case is voluminous, I find that plaintiffs worked to comply with my order in good faith as evidenced by the multiple supplements. I decline to sanction the plaintiffs. I encourage the parties to continue to work together regarding supplementing discovery.

ACCORDINGLY,

For good cause shown, I RECOMMEND that the motion to withdraw (ECF No. 180) be GRANTED.

I ADMONISH counsel at Claggett & Sykes, as stated in my order.

I ORDER that the motions for sanctions (ECF No. 178 and 179) are DENIED.

IT IS SO ORDERED AND RECOMMENDED.

DATED this 19th day of October 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE